# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Richmond Division

| | |
|---|---|
| TIARA WILLIAMS, Administrator of the Estate of Tracey Ashanti Williams, Decedent, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) |
| RICHARD DANIEL JOHNSON, in his individual capacity, the CITY OF RICHMOND, a body politic and corporate, | )<br>)<br>)<br>) Civil Action No. **3:22-cv-762** |
| Defendants. | ) |
| | ) **JURY TRIAL DEMANDED** |
| **Serve:** | ) |
| **Haskell C. Brown, III, Esq.**<br>**Office of the City Attorney**<br>**City of Richmond**<br>**900 E. Broad Street, Suite 400**<br>**Richmond, Virginia 23219** | )    I.  42 U.S.C. § 1983- SUBSTANTIVE DUE PROCESS CLAIM UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION<br>)    II. VIRGINIA STATE LAW – WRONGFUL DEATH |
| **Richard D. Johnson**<br>**Richmond Police Department**<br>**200 W GRACE STREET**<br>**Richmond, VA 23220** | ) |

_____

**COMPLAINT**

COMES NOW, Plaintiff TIARA WILLIAMS, Administrator of the Estate of TRACEY WILLIAMS, Decedent ("Plaintiff"), and files her Complaint against Defendants RICHARD D. JOHNSON ("Johnson" or "Defendant Johnson") and the CITY OF RICHMOND ("the City") [hereinafter collectively referred to as "Defendants"] for damages as follows:

I. **NATURE OF THE CASE**

1. This is an action to recover under the substantive due process provision of the Fourteenth Amendment to the United States Constitution for deprivation of life, liberty, and property arising from conscience-shocking government conduct, and for the wrongful death that resulted from such egregious conduct when an on-duty Richmond City police officer recklessly crashed his marked police SUV into the passenger's side of the vehicle carrying nineteen-year-old Tracey Ashanti Williams, killing both Williams and eighteen-year-old Jeremiah Ruffin.



COMPLAINT

## II. JURISDICTION AND VENUE

2. Jurisdiction is conferred to this Court under 28 U.S.C. § 1331 as Plaintiff seeks to vindicate rights guaranteed under the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983 and Virginia state law.

3. Plaintiff seeks remedies under 42 U.S.C. §§ 1983, 1988.

4. This Court has supplemental jurisdiction over Plaintiff's state-law claim arising out of the same nucleus of operative facts which give rise to Plaintiff's federal law claims under 28 U.S.C. §§ 1331, 1367.

5. Venue is proper in the Eastern District of Virginia pursuant to 28 U.S.C. § 1391(1),(2), because the events or omissions giving rise to Plaintiff's claims occurred in this judicial district and all parties reside in this district.

## III. PARTIES

6. **Tracey Ashanti Williams** ("decedent Williams") was a nineteen-year-old young woman who was killed by a Richmond City police officer on April 7, 2022. The statutory beneficiaries of the **Estate of Tracey Ashanti Williams** are represented in this action by **TIARA WILLIAMS**, the duly qualified administrator of the Estate and mother of decedent ("Plaintiff"). Plaintiff and all statutory beneficiaries are residents of the Eastern District of Virginia; Decedent was a resident of Henrico County, Virginia on the date of her untimely death and a citizen of the United States.

7. Defendant **RICHARD D. JOHNSON** is a sworn police officer who, at all times relevant, was actively employed by the City of Richmond, on duty, and acting under color of state law and within his scope of employment with the

City. JOHNSON is a resident of the Eastern District of Virginia. JOHNSON is sued in his individual capacity.

8. The **CITY OF RICHMOND** is a body politic and corporate (City of Richmond Charter, § 1.01), located in the Eastern District of Virginia. The Richmond Police Department is a department of the City (City of Richmond Ord.§ 2-270). At all times relevant, the CITY, through its police department, employed JOHNSON.

## IV. STATEMENT OF FACTS

9. On April 7, 2022, JOHNSON was driving a marked 2016 FORD Explorer sports-utility-vehicle owned by the City of Richmond.

10. At 10:42 p.m., JOHNSON and his partner Dquan Walker were dispatched to a non-emergency call for service in the 1500 block of Clarkson Road in the City of Richmond.

11. The police SUV was not qualified as an "emergency vehicle" under Virginia law or department policy, and JOHNSON was required to drive the vehicle in compliance with all traffic laws.

12. Decedent Williams was riding in the front passenger's seat of a 1999 Buick Regal operated by Jeremiah Ruffin.

13. At approximately 10:44 p.m., Ruffin, heading northbound near the 3800 block of Castlewood Road, proceeded through a solid yellow traffic light at the intersection of Bells and Castlewood Roads in the City of Richmond, Virginia.



14. Defendant JOHNSON, traveling westbound near the 2800 Block of Bells Road, drove his police SUV through the solid red light and entered the same intersection after Ruffin.

15. Upon information and belief, JOHNSON could see the impending red traffic light from a significant distance before approaching the intersection and had ample time to deliberate on his course of conduct.

16. JOHNSON intentionally misused his police SUV by driving it at a conscience-shocking speed of 70 miles per hour or more in a 35 mile-per-hour

---

[1] Richmond Virginia Crash Report. JOHNSON's police SUV is depicted as V1, which was traveling in the lane furthest to the right on W. Bells Road, decedent Williams is depicted as P2 (passenger two) who was a passenger in V2 (vehicle two). This illustration constitutes an allegation of all facts depicted therein.

| | | |
|---|---|---|
| 73 | | zone through a red light, near family residences and pedestrian walking paths, |
| 74 | | in a manner calculated to endanger the life, limb, and property of others |
| 75 | | including decedent Williams. |
| 76 | 17. | Upon information and belief, JOHNSON consciously failed to look for |
| 77 | | approaching traffic before disregarding the solid red traffic light and entering |
| 78 | | the intersection, or he observed Ruffin's vehicle inside the intersection and |
| 79 | | consciously failed to slow, stop, or otherwise maneuver his vehicle to avoid |
| 80 | | the fatal collision. |
| 81 | 18. | JOHNSON demonstrated no regard for the safety of others on the road when |
| 82 | | he arbitrarily exercised the right of way at the intersection. |
| 83 | 19. | JOHNSON entered the intersection from the furthest right lane and crashed |
| 84 | | into the front-passenger's side of Ruffin's vehicle, where decedent Williams |
| 85 | | sat, in an extremely violent manner. |
| 86 | 20. | The much heavier police SUV struck Ruffin's smaller Buick sedan with so |
| 87 | | much force that it caused both Ruffin and decedent Williams to be ejected |
| 88 | | from the vehicle. |
| 89 | 21. | Upon information and belief, despite driving at the extremely high rate of |
| 90 | | speed and knowingly endangering the lives of citizens using this road, |
| 91 | | JOHNSON was not operating his audible sirens. |
| 92 | 22. | JOHNSON knew that not obeying the rules of the road could lead to accidents |
| 93 | | and that accidents could lead to death. |

23. Upon information and belief, JOHNSON was aware, from his knowledge of the circumstances and conditions, that his conduct would probably result in injury to a person or property.

24. JOHNSON consciously disregarded all such known risks and instead engaged in a dangerous course of conduct reasonably calculated to result in injury or other substantial harm to persons or property.

25. Defendant JOHNSON's egregious conduct caused decedent Williams to suffer severe injuries and death and directly and substantially impaired her fundamental right to life, liberty, and property.

26. As a person responsible for enforcing criminal and traffic laws, JOHNSON knew or should have known that it was unlawful to drive recklessly and in a manner to endanger life, limb, or property, and he knew or should have known that such conduct could lead to injury.

27. Defendant JOHNSON's conduct and intentional misuse of his vehicle was plainly incompetent, and he knowingly violated clearly established law by driving his vehicle in a manner that exhibited a conscience-shocking deliberate indifference to the lives and safety of those around him.

28. The harms and losses suffered by decedent Williams were the direct and proximate result of the acts and omissions of JOHNSON.

29. On July 11, 2022, a grand jury in the City of Richmond indicted JOHNSON on charges of reckless driving, two counts of involuntary manslaughter for killing Williams and Ruffin, and one count of failing to yield the right of way.

V. **CLAIMS**

**COUNT I**
**42 U.S.C. § 1983, FOR DEPRIVATION OF SUBSTANTIVE DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION (Tiara Williams, Administrator of the Estate, against JOHNSON in his Individual Capacity)**

30. Plaintiff repeats and realleges the foregoing allegations and incorporates them by reference as if fully set forth herein.

31. JOHNSON is a "person" as the term is defined in the 42 U.S.C. § 1983.

32. By the acts and omissions described above, JOHNSON violated 42 U.S.C. §1983, depriving decedent Williams of the following clearly-established and well-settled constitutional rights protected by the Fourteenth Amendment to the U.S. Constitution:

   a. The right to be free of unlawful, reckless, deliberately indifferent, conscience shocking, and egregious government conduct, as secured by the Fourteenth Amendment;

   b. The right to be free from deprivation of life, liberty and property without substantive due process and from state created/enhanced danger as secured by the Fourteenth Amendment;

   c. And in such other particulars as may be learned through discovery.

33. As a direct and proximate result of the conscience-shocking conduct of Defendant JOHNSON, Plaintiff suffered physical harms and losses as is more fully set forth in this Complaint.

34. JOHNSON, with ample time to deliberate, engaged in extremely high-risk conduct including running a red traffic light at a recklessly high speed, without taking any precaution for oncoming traffic or others on the road, and

143 failing to activate his emergency sirens — all in violation of state law and
144 department policy.

35. JOHNSON knew he was placing the safety and lives of innocent drivers, passengers, and pedestrians in danger when he drove his police SUV recklessly in a manner reasonably calculated to deprive decedent Williams of her life.

36. All of such conduct of JOHNSON's, as described above, was injurious to decedent Williams and unjustifiable by any government interest.

37. JOHNSON had actual knowledge of impending harm to decedent Williams, which he consciously refused to prevent.

38. JOHNSON was aware of and yet disregarded the existence of a substantial risk of serious harm to others including decedent Williams.

39. Through the acts and omissions described herein, JOHNSON exhibited a reckless disregard for decedent Williams' life, liberty, and property.

40. Defendants' actions and/or omissions as described herein were a blatant and reckless disregard for decedent Williams' constitutionally protected rights, and, as such, Plaintiff is entitled to compensatory and punitive damages from Defendant.

41. Decedent Williams' life, liberty, and property were deprived without substantive due process of law, in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

**COUNT II**
**VIRGINIA STATE LAW – WRONGFUL DEATH, Virginia Code § 8.01-50**
(Tiara Williams, Administrator of the Estate of Tracey Williams, on behalf of the statutory beneficiaries <u>against JOHNSON, and the CITY</u> in *respondeat superior*)

42. Plaintiff repeats and realleges the foregoing allegations and incorporates them by reference as if fully set forth herein.

43. JOHNSON owed decedent Williams the following duties:

    a. to activate his emergency equipment, including lights and sirens, when driving his vehicle under emergency conditions and to abide by all traffic laws if not operating under emergency conditions;

    b. to disregard speed limits only if he could do so with due regard to the safety of persons, including decedent Williams, and property;

    c. to disregard a red traffic light only if he could do so with due care to the safety of persons and property;

    d. to slow his vehicle or come to a complete stop before disregarding a solid red light;

    e. to yield the right of way to oncoming traffic at a red light;

    f. to not drive his vehicle recklessly or in a manner to endanger life, limb, or property;

    g. to remain attentive to road conditions and to drive his vehicle free from distractions; and

    h. to keep a proper lookout and to heed the warnings from the lookout.

44. JOHNSON departed from the duties of care required of a person driving on the road and specifically those applicable to a law enforcement officer, and

was therefore negligent, careless, grossly negligent, reckless and acted in violation of the duties owed to decedent Williams.

45. JOHNSON's negligence was further so culpable, willful, or wanton that it evinces a conscious disregard of the rights of others.

46. Defendant JOHNSON did not drive his vehicle in a reasonable and safe manner and consistent with the laws of Virginia.

47. Decedent Williams died as a direct and proximate result of JOHNSON's gross negligence, carelessness, recklessness, willful and wanton conduct, and failure to exercise care.

48. But for JOHNSON's negligence, decedent Williams would not have died.

49. At all times relevant JOHNSON was performing the City's business as its employee and acting within the scope of his employment, and the City of Richmond is vicariously liable.

50. The City of Richmond and JOHNSON are jointly severally liable with one another and any other joint-tortfeasors.

WHEREFORE, Plaintiff demands and prays for an award of compensatory damages for the statutory beneficiaries' (1) sorrow, mental anguish, and loss of solace, including the loss of society, companionship, comfort, guidance, kindly offices, and advice of the decedent; (2) reasonably expected loss in income of the decedent suffered; (3) reasonably expected loss of services, protection, care, and assistance which the decedent provided them; (4) any expenses for the care, treatment, and hospitalization of the decedent incident to the injury resulting in her death; and (5) reasonable funeral expenses.

## VI. JURY TRIAL DEMANDED

51. Plaintiff demands trial by jury for all matters so triable.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in her favor as follows:

1. Compensatory damages **in the amount not less than one-hundred-million dollars ($100,000,000.00)** and punitive damages against JOHNSON for the Federal civil rights claims;

2. Compensatory damages against JOHNSON and the CITY for the State law wrongful death claim **in the amount not less than one-hundred-million dollars ($100,000,000.00);**

3. Punitive damages against JOHNSON under state law for his willful, wanton, or reckless conduct in the amount of **three-hundred-fifty-thousand dollars ($350,000.00)** on Plaintiff's State law wrongful death claim;

4. Attorneys' fees and the costs of suit necessarily incurred pursuant to 42 USC §§1983, 1988 against the Defendant JOHNSON; and,

5. Such other relief as the Court deems just and proper.

TIARA WILLIAMS, Administrator of the Estate of TRACEY WILLIAMS, Decedent,

On this 13th day of December 2022.

Respectfully Submitted,

By: \_\_\_\_\_/s/_____
Makiba Gaines, Esq.
Virginia State Bar No. 93983
POLARIS LAW FIRM, P.L.L.C.

| | |
|---|---|
| 236 | 2832 South Lynnhaven Road, Suite 201 |
| 237 | Virginia Beach, Virginia 23452 |
| 238 | Phone: (757) 904-0370 |
| 239 | Facsimile: (757) 866-5744 |
| 240 | mg@legalhep757.com |
| 241 | *Lead Counsel for Plaintiff* |
| 242 | |
| 243 | _____ |
| | Olga Pazilova, Esq. |
| | Virginia State Bar No. 93708 |
| | Ernest Law Group, PLC |
| | 505 South Independence Boulevard, Suite 103 |
| | Virginia Beach, Virginia 23452 |
| | Phone: (757)289-2499 |
| | Facsimile: (757)277-0256 |
| | Email: opazilova@ernestlawgroup.net |
| | *Counsel for Plaintiff* |
| 244 | _____ |
| 245 | Stephen C. Teague, Esq. |
| 246 | Virginia State Bar No. 81006 |
| 247 | The Law Office of Stephen C. Teague |
| 248 | PO Box 706 |
| 249 | Newport News, VA 23607 |
| 250 | Phone: (757)317-0716 |
| 251 | Facsimile: (757)215-2974 |
| 252 | Email: stephen@teaguelawoffice.com |
| 253 | *Counsel for Plaintiff* |

COMPLAINT